Pér Curiam.
As several matters put in issue by the pleadings in this cause are abandoned by the parties, it is only of use to state the facts relating to the point remaining in controversy. The defendant sold land * to the complainant, and after waiting some time, they caused a survey to be made, and then Bond executed his obligations for such part of the purchase money as remained unpaid, Jackson at the same time executing a deed for 840 acres of land, which deed, after stating the bounds, adds, to contain 840 aeres. Jackson sued upon the last bond, and obtained judgment. Bond filed his bill for a deduction equivalent to the deficiency, and the proof shows that there is a deficiency to the amount of 100 acres, or thereabouts. The surplus of the purchase money was ascertained at the time of the survey by a calculation on the *155 quantity of $3.50 per acre. In the deed, the land is thus described: “ Lying in Williamson County on the head waters of Rutherford’s Creek, being part of General Moore’s military survey, beginning at a buckeye on the top of the ridge that divides the waters of Duck River and Big Harpeth, thence south, 400 poles, to an ash ; thence east, 326 poles, to a stake; thence north, 356 poles, to a hickory, beech, and white oak on the top of the ridge, in the old Indian boundary line; thence with the different meanders of the ridge to the- beginning, to contain 840 acres.” A clause of warranty is added. It is usual and proper, where such is the intent, to state on the face of the deed that the contract is to remain though the quantity be more or less; and when that is not expressed, the fair inference is, that a deficiency in the quantity will either dissolve the obligation of the purchaser if a deed be not yet given, or, if given, it will entitle him to compensation. In the present instance, this idea is much strengthened by an expression used in the deed. After describing the lands by metes and bounds, it adds, to contain 840 acre’s ; this amounts to a stipulation that it does contain the quantity mentioned. The sum total of the purchase money was ascertained by a calculation founded on that quantity. A confirmatory circumstance is, that the parties could not ascertain the amount of the * purchase money, and therefore bonds were not executed for it till after the survey was made. Were this» a bill on the part of the vendor for specific performance, the deficiency would raise the question, whether the vendee were wholly released, or whether he should be compelled to receive compensation. It would not be viewed as an immaterial circumstance, as is now attempted. New-land,-251. Is the case altered and the vendee’s equity extinguished by a mistake, which, had it been discovered before execution of the deed, would have entitled -the vendee to compensation at least, if not a discharge ? The court conceives not. He ought, notwithstanding the deed, to have the same justice as before the execution of it he would be entitled to. Equity looks not at the outward form but to the inward substance of every transaction, recurring to principles and disregarding ceremonies, which fail of the purposes for which the law ordained them as soon as they are used as a shelter for unfairness. As to the tender of the tobacco, that is settled by a decision at law in this court, and we feel no disposition to disturb the law of that case as already settled. Decree that the deficient *156 quantity be precisely ascertained by a survey to be made under the direction of this court, unless the parties shall now agree upon the quantum of the deficiency; and that the clerk and master of this court, so soon as the said quantum shall be ascertained by the survey or agreement as aforesaid, shall prepare and present to this court a report, stating the sum which shall be equal to said deficiency, allowing $3.50 for each acre, and interest thereon from the time that interest began to accrue on the sum mentioned in said bond; stating also the sums received by the plaintiff at law in part of his judgment and costs at law, and exhibiting the sums yet unpaid of said judgment, and what surplus, if any, it will require to be added to the unsatisfied part of said judgment to make up the sum which shall be allowed for said deficiency.
See Meek v. Bearden, 5 Yer. 467; Allison v. Allison, 1 Yer. 16; Miller v. Bentley, 5 Sneed, 671; King’s Digest, 2595, 2767.